1

2

3

4

5              UNITED STATES DISTRICT COURT

6              EASTERN DISTRICT OF CALIFORNIA

7

8    DAMIEN CRUM, *individually and on*          Case No. 1:25-cv-00985-KES-CDB
     *behalf of all others similarly situated*,
9                                                ORDER ON STIPULATION TO STAY
                    Plaintiffs,                  ACTION PENDING HEARING ON MOTION
10                                               FOR FINAL APPROVAL OF SETTLEMENT
            v.                                   IN RELATED ACTION
11
     BIMBO BAKERIES USA, INC., *et al.*,         (Doc. 9)
12
                    Defendants.                  ORDER VACATING SCHEDULING
13                                               CONFERENCE AND RELATED DATES

14                                               **February 4, 2026, Deadline**

15

16

17          Pending before the Court is the parties' joint stipulated request to stay this action pending

18   hearing on the motion for final approval of settlement in a related state court action.  (Doc. 9).

19          **Background**

20          Plaintiff Damien Crum initiated this action with the filing of a complaint, on behalf of

21   himself and a putative class, in state court on June 27, 2025.  (Doc. 1-1).  Defendants Bimbo

22   Bakeries USA, Inc., and Bimbo Bakehouse, LLC, removed the action on August 7, 2025.  (Doc.

23   1).  Plaintiff asserts wage/hour and employment claims arising out of an employment relationship

24   with Defendants.  *See* (Doc. 1-1).  On October 24, 2025, the parties filed the pending joint stipulated

25   request to stay the action.  (Doc. 9).

26          **Stipulated Request to Stay**

27          The parties represent that there is a pending settlement that "encompasses the putative class

28   claims alleged in this case" in the related action of *Luis Juarez v. Bimbo Bakeries USA, Inc., et al.*,

No. 22CV-02604, in Merced County Superior Court (the "*Juarez* Action").  The parties provide that preliminary approval of the class action settlement in the *Juarez* Action was granted on October 14, 2025, and the hearing on the motion for final approval of the class action settlement is scheduled for January 28, 2026.  The parties seek a stay of this action until after said hearing, as well as vacatur of pending case management dates.  *Id.* at 3.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936); *Lockyer v. Mirant Corp*, 398 F.3d 1098, 1109 (9th Cir. 2005).  Deciding whether to grant a stay pending the outcome of other proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."  *United States v. Howen*, No. 1:21-cv-00106-DAD-SAB, 2022 WL 1004832, at *3 (E.D. Cal. Apr. 4, 2022) (quoting *Landis*, 299 U.S. at 254).  "[I]f there is even a fair possibility that the . . . stay will work damage to someone else, the party seeking the stay must make out a clear case of hardship or inequity."  *Lockyer*, 398 F.3d at 1112; *United States v. Aerojet Rocketdyne Holdings, Inc.*, 381 F. Supp. 3d 1240, 1250 (E.D. Cal. May 8, 2019).

In considering whether to grant a stay, this Court must weigh several factors, including "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55).  In granting and lifting stays, a court must weigh "the length of the stay against the strength of the justification given for it."  *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000).  "If a stay is especially long or its term is indefinite, [courts] require a greater showing to justify it."  *Id.*

Here, the interests of judicial economy and efficiency are served by staying this case until the hearing on the class settlement in the *Juarez* Action.  Proceeding with the litigation of this action risks wasting judicial resources, as the parties may settle their claims herein in the *Juarez* Action.

The Court does not find that the short stay anticipated will cause any party to experience

1    hardship, particularly given the parties stipulated to the request to stay and the case will not be

2    delayed significantly given the parties' representation that the hearing is on January 28, 2026. (Doc.

3    9 at 3). The orderly course of justice weighs toward the grant of the requested stay in order to avoid

4    complicating the issues and allowing the parties to direct their resources to the hearing on the

5    motion for final approval of the class action settlement in the *Juarez* Action that encompasses the

6    class claims in this action. *See Hamilton v. Knight Transportation, Inc.*, No. 5:21-CV-01859-

7    MEMF-SP, 2024 WL 1461958, at *5 (C.D. Cal. Mar. 27, 2024). Therefore, because the *Landis*

8    factors weigh toward granting of the stay, the Court finds that a stay of proceedings is appropriate

9    in this case.

10        For good cause shown in the parties' stipulation, this action will be stayed pending the

11   hearing on the motion for final approval of the class settlement in the *Juarez* Action.

12       **Conclusion and Order**

13        Accordingly, in light of the parties' representations and good cause appearing, IT IS

14   HEREBY ORDERED:

15      1. This action is STAYED pending the hearing on the motion for final approval of the class

16          action settlement in *Luis Juarez v. Bimbo Bakeries USA, Inc., et al.*, No. 22CV-02604, in

17          Merced Conty Superior Court.

18      2. The parties are DIRECTED to file a joint status report by **February 4, 2026**, informing the

19          Court of the status of the motion for final approval of the settlement in the *Juarez* Action

20          and setting forth their respective positions regarding further litigation of this action.

21      3. All pending case management dates (Doc. 4), including the scheduling conference set for

22          November 6, 2025, are VACATED, to be reset as necessary following the parties' filing of

23          the joint status report.

24   IT IS SO ORDERED.

25     Dated:  __**October 27, 2025**__          _____

26                                              UNITED STATES MAGISTRATE JUDGE

27

28