UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAMIEN CRUM,

        Plaintiff,

      v.

BIMBO BAKERIES USA, INC., *et al.*,

        Defendants.

Case No. 1:25-cv-00985-CDB

ORDER RE: STIPULATION FOR DISMISSAL OF CLASS CLAIMS

(Doc. 23)

**Background**

Plaintiff Damien Crum initiated this action with the filing of a complaint in state court on June 27, 2025, asserting wage/hour and employment claims on behalf of himself and a putative class. (Doc. 1-1).  Defendants Bimbo Bakeries USA, Inc., and Bimbo Bakehouse, LLC, removed the action on August 7, 2025. (Doc. 1).  Upon Plaintiff's expression of intent to proceed in this action on only his individual claims (Doc. 18) and as confirmed during the scheduling conference (Doc. 22), the Court set a deadline for Plaintiff to file a stipulated dismissal of the class claims.  (Doc. 22 at 2).

Pending before the Court is the parties' stipulated dismissal of the class claims without prejudice pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure.  (Doc. 23).

**Discussion**

In a class action, court approval of dismissal may be required under Rule 41(a)(2) if the class

1

has been certified.  Specifically, Rule 23(e) provides that any claims arising out of either a (1) "certified class" or (2) "class *proposed to be certified for purposes of settlement ...* may be settled, voluntarily dismissed, or compromised only with the court's approval."  Fed. R. Civ. P. 23(e) (emphasis added).

In this case, the parties seek to dismiss the claims of the putative class without prejudice. (Doc. 23).  No class has been certified in this action nor is there a class proposed to be certified for purposes of any settlement.  Because no class has been certified in this case, and because any dismissal would not affect putative class members' possible claims, Rule 23(e) does not mandate either Court approval of Plaintiff's dismissal of the claims or notice to putative class members.  *See Titus v. BlueChip Financial*, 786 Fed. App'x 694, 695 (9th Cir. 2019) ("Because no class has been certified, Titus is the only plaintiff before the court …") (unpublished) (citing *Emp'rs-Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Anchor Capital Advisors*, 498 F.3d 920, 924 (9th Cir. 2007)).

In light of Plaintiff's filing, the Court finds that Rule 23(e) does not require the Court's approval of the dismissal.  The class action claims asserted in Plaintiff's complaint on behalf of a putative class shall be terminated by operation of law without further order of the Court.  *Comm. Space Mgmt. Co., Inc. v. Boeing Co., Inc*., 193 F.3d 1074, 1077-78 (9th Cir. 1999).

**Conclusion**

Accordingly, the Clerk of the Court is HEREBY DIRECTED to adjust the docket to reflect, pursuant to Rule 41(a)(1)(A)(ii), dismissal without prejudice only as to Plaintiff's claims on behalf of the putative class.

IT IS SO ORDERED.

Dated:   **April 16, 2026**

_____
UNITED STATES MAGISTRATE JUDGE